BARRY, Circuit Judge,
dissenting.
I am deeply concerned that the United States has not been heard on the seminal issue in this appeal, an issue that goes to the heart of the enforcement of our na *646 tion’s immigration laws. And make no mistake about it. The conclusion reached by my Mends in the Majority that immigration detainers issued pursuant to 8 C.F.R. § 287.7 do not impose any obligation on state and local law enforcement agencies to detain suspected aliens subject to removal, but are merely requests that they do so, has enormous implications and will have, I predict, enormous ramifications.
Maybe the Majority is right when it says that the language that the particular agency “shall maintain custody,” § 287.7(d), is really only “a request,” § 287.7(a). And maybe the Majority is wrong. I’m simply not ready to make that call; indeed, I believe that it is a mistake to do so without the input of the United States, on whom the Opinion will impact most immediately and most profoundly.[1] And even aside from that impact will be the impact on state and local law enforcement agencies, not the least of which will be for them to figure out what hoops they will have to jump through to inform their decision as to whether or not to grant a particular “request.” Will, for example, they have to determine if, in the first instance, ICE had probable cause to issue the detainer? Will the detainee have a right to be heard? And, pray tell, how and when will they do all of that ? And that’s just for starters.
This was, until now, a comparatively uncomplicated case brought by Mr. Galarza, who, as relevant here, was detained within the brief period of time set forth in § 287.7(d) after bail was posted on his criminal charges. The United States was not a party in this § 1983 action,[2] and the only defendants were Lehigh County, the City of Allentown and one of its detectives, and two ICE agents, named only in their individual capacities. Parenthetically, although the ICE agents were represented by counsel from the Department of Justice, counsel made it abundantly clear to the District Court that she did not represent ICE and represented only her clients. See, e.g., Tr. of Dec. 15, 2011 at 48-49. The District Court well understood that fact. Id.
The sole appellee in this case is Lehigh County, whose only involvement with reference to the central issue before us on appeal is that Galarza was briefly housed in one of its prisons, and that it, through its prison, complied with the immigration detainer once the detainer kicked in. The County, not surprisingly, argued to the District Court why the “shall maintain custody” language was mandatory — it had, it said, no choice in the matter. Galarza, *647 also not surprisingly, argued that the language was not mandatory, and that the District Court’s erroneous conclusion to the contrary was the result of a “misunderstanding of immigration detainers” because of Lehigh County’s arguments, “not the federal government’s.” Appellant’s Br. at 23, 29. Indeed, Galarza concedes that the United States was not heard as to § 287.7 nor even as to its “own statements” that immigration detainers are requests, not orders. Id. at 29. Of course, we don’t know what the “federal government” would have argued — it was not in the case.
And the record before the District Court on the central issue before us was bare-bones. In this connection, it bears emphasis that that issue, i.e. whether or not detainers issued pursuant to § 287.7 impose a mandatory obligation to detain on state and local law enforcement agencies, was but one of numerous issues raised in the District Court against the various defendants and combinations of defendants. The District Court issued an extremely thoughtful and very thorough 56-page Opinion, with its finding as to the issue before us essentially tucked away in little more than one paragraph near the end, see JA 55-56, undoubtedly because there had been no emphasis on the issue in the District Court and little record made as to it.
In the face of all of this, the Majority, in a sweeping Opinion, has decided this enormously important issue. And it did not stop there. Rather, it went on to conclude that “[ejven if there were any doubt about whether immigration detainers are requests and not mandatory orders,” to read § 287.7 to mean that a federal detainer is a command to a law enforcement agency to detain an individual would violate the anti-commandeering principle of the Tenth Amendment. Maj. Op. at 642.
Maybe it would, and maybe it wouldn’t, even assuming, with no great confidence, that the Tenth Amendment issue should have been reached. Galarza did, indeed, raise the issue in the District Court. The County, however, never offered a full-throated response on the merits, or lack thereof, of that issue, arguing instead that the constitutionality of § 287.7 should be litigated in another, more appropriate, case. Not unimportantly, the District Court did not in its lengthy Opinion even mention, much less decide, anything to do with the Tenth Amendment. Very importantly, the United States was not heard as to it.
All of this makes me very uncomfortable. Given the posture of the case before the District Court, I’m not sure how, if at all, the United States could have been brought in. What I am sure of is that we have gone very far in this very important case without any input from the United States, and we should pull back now. For now, though, I’m not prepared to say, on what has essentially been a one-sided presentation, that “shall” really doesn’t mean “shall” but, instead, means “please.” I respectfully dissent.

. ICE issued 273,982 immigration detainers from October 1, 2011 to September 30, 2012 (Fiscal Year 2012). In the first four months of Fiscal Year 2013, it issued 73,709 detain-ers, corresponding to an annualized figure of 221,124. See Number of ICE Detainers Drops by 19 Percent. Transactional Records Access Clearinghouse at Syracuse Univ. (July 25, 2013), http://trac.syr.edu/immigration/reports/ 325/. These numbers, I recognize, cover all detainers issued by ICE, and not just those which direct a law enforcement agency to maintain custody over a suspected removable alien.

. The United States was named as a defendant in a separate negligence action filed by Galarza under the Federal Tort Claims Act. The central issue before us here was never squarely raised there, and neither the Majority nor Galarza suggests that it was or should have been. Although the FTCA action was subsequently consolidated with this § 1983 action, presumably so that they could be before one judge, not two, it was separately treated and resolved. Thus, it is only in the most technical sense that one can say, as the Majority says at note 3, that the "U.S. Government,” which it "doubt[s]” would disagree with its interpretation of § 287.7, was a "partly] to this case” when the District Court articulated the principle before us on appeal.